# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICKY LEWIS,

    Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, et al.

    Defendants.

Case No. 2:09-CV-02393-KJD-(RJJ)

**ORDER**

Plaintiff, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2).

Plaintiff has also submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and the court will serve it upon defendants for a response.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim

upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he is black and Jewish. He claims that prison officials have denied his requests to be provided kosher meals; they require that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. Plaintiff also claims that prison officials then retaliated against him when he complained about the denial. Plaintiff's allegations, if true, state claims of violations of the Constitution of the United States and of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

Plaintiff has submitted a motion for appointment of counsel (#2). "There is no constitutional right to appointed counsel in a § 1983 action. However, in 'exceptional circumstances,' a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court determines that no exceptional circumstances exist in this action.

Plaintiff has submitted a motion for a preliminary injunction and for a temporary restraining order (#3). "The basic function of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits." Chalk v. U.S. Dist. Court Cent. Dist. of California, 840 F.2d 701, 704 (9th Cir. 1988). The issuance of an emergency motion in this Circuit requires a showing of: (a) likelihood of success on the merits and the possibility of irreparable harm or (b) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. Oakland Tribune, Inc. v. Chronicle Publishing Co. Inc., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer, Inc. v. Formula Intern., Inc., 725 F.2d 521, 523 (9th Cir.

1984)). Although the court has determined that the complaint states claims upon which relief can be granted, the court determines that neither of the standards for emergency relief are satisfied.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #32061), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the clerk of the court file the complaint.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction and for a temporary restraining order (#3) is **DENIED** in part with respect to the request for a temporary restraining order.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for defendants.

IT IS FURTHER ORDERED that the clerk shall send electronically serve defendants with a copy of this order, the complaint, and the motion for a preliminary injunction and for a temporary restraining order (#3). The Attorney General shall advise the court within twenty (20)

days from the date that this order is entered whether service of process for the named defendants is accepted. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

      IT IS FURTHER ORDERED that if the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve responses to the motion for a preliminary injunction and for a temporary restraining order (#3) in accordance with LR 7-2.

      IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: June 30, 2010

_____
KENT J. DAWSON
United States District Judge