# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICKY LEWIS,

    Plaintiff,

v.

HOWARD SKOLNIK, et al.,

    Defendants.

Case No. 2:09-CV-02393-KJD-GWF

**ORDER**

Currently before the Court is Defendants' Motion to Dismiss (#8), filed August 19, 2010. Plaintiff filed a Response in Opposition (#14) on September 15, 2010. Defendants did not file a reply, yet instead filed a Motion to Withdraw Argument (#15) and Motion for Extension of Time (#16). Plaintiff filed a Response in Opposition (#18) to Defendants' Motions to Withdraw Argument and seeking Extension of Time.

Defendants seek to withdraw relevant portions of their Motion to Dismiss, (#8) as well as portions of their Opposition to Plaintiff's Motion for Preliminary Injunction (#7). Specifically, Defendants seek to withdraw portions of their filings "that constitute Defendants' admission that the denial of kosher meals to Plaintiff was improper and also any portion that constitutes a representation

that Defendants will commence providing Plaintiff with kosher meals."[1]  (#15 at 1.)  Defendants' Motion also seeks that the Court grant Defendants an extension of time at the request of the Nevada Department of Corrections ("NDOC") in which it may conduct research and inquiry into the lawfulness of the process utilized in this, and other similar cases, for deciding whether to grant inmates' requests for kosher meals as a religious dietary accommodation for asserted conversion to Judaism, independent of, and supplemental to advice given them by counsel on the issue.  (see #15 at 2).

Plaintiff objects to Defendants' Motion, averring that NDOC has had ample time in which to investigate its policies, and that granting the Defendants' Motion to Withdraw will cause prejudice, as Plaintiff has already filed a Response to the dispositive Motion, and because Defendants have failed to cite to any authority which authorizes their request for withdrawal.  The Court does not agree.

Defendants' Motion to Withdraw is brought under Fed. R. Civ. P. 36.  Plaintiff objects to Defendants' position that admissions in an answer or motion may be considered "judicial admissions", however, it is generally accepted in the Ninth Circuit that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."  See American Title Insurance Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (holding that statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court).  Moreover, the Ninth Circuit has stated that trial courts must accord a party's explanation of a prior admission due weight when a party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment.  Bakersfield Westar Ambulance, Inc. v. Community First Bank, 123 F.3d 1243, 1248 (9th Cir. 1997) (citing Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859–60 (9th Cir. 1988).

---

[1] The Court issued an Order (#10) denying Plaintiff's Motion for Preliminary Injunction on August 20, 2010.

The Court notes that Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Order to Show Cause indicated that the Nevada Department of Corrections is currently in the process of reviewing its Administrative Regulations and practices to respond to religious dietary accommodations consistent with the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc-1 et seq. (#7 at 4.) Moreover, the Court finds no evidence demonstrating that Defendants' Motion to Withdraw Argument and Motion for Extension of Time were filed in bad faith or for purposes of delay. Instead, Defendants seek that the Court grant them an extension of time in which to file "either their amended positions . . . or to affirm their previous positions" after NDOC reviews its Administrative Regulations. (#16 at 3.) Accordingly, the Court finds that Defendants' Motions to Withdraw Argument and seeking Extension of Time should be granted.

**IT IS HEREBY ORDERED** that Defendants' Motion to Withdraw Argument (#15) and Motion for Extension of Time (#16) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#8) is **DENIED**, as moot, per the Court's granting Defendants' Motion to Withdraw Argument.

**IT IS FURTHER ORDERED** that Defendants shall file an amended motion to dismiss, or motion affirming their previous position on or before February 20, 2011.

DATED this 26th day of January 2011.

_____
Kent J. Dawson
United States District Judge